IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANDREW TIMOTHY JONES,
    Petitioner,                                       Civil Action No. 7:14-cv-00281

v.                                                        MEMORANDUM OPINION

CHRISTOPHER ZYCH,                      By:    Hon. Michael F. Urbanski
    Respondent.                                            United States District Judge

Andrew Timothy Jones, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is presently confined at a correctional facility within this district, and this matter is before the court on the United States' motion to dismiss. After reviewing the record, the court concludes that Petitioner fails to demonstrate an entitlement to relief via § 2241 and grants the United States' motion to dismiss.

I.

On June 7, 2005, the United States District Court for the Western District of North Carolina (the "District Court") sentenced Petitioner to, inter alia, 497 months' incarceration for one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951; two counts of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of armed bank robbery and aiding and abetting, in violation of 18 U.S.C. § 2113(d). During the sentencing hearing, the District Court determined, for the first § 924(c) count, that Petitioner had discharged his firearm after the robbery, nearly shooting someone in the head, and sentenced him to a ten-year consecutive sentence for that crime.[1] Notably, the indictment did not allege that Petitioner discharged his firearm, and the jury was not

---

[1] See 18 U.S.C. § 924(c)(1)(A)(iii) ("[A]ny person who, during and in relation to any crime of violence or drug trafficking crime[, . . .] uses or carries a firearm . . . if the firearm is discharged, [shall] be sentenced to a term of imprisonment of not less than 10 years.")

asked to resolve the allegation beyond a reasonable doubt. For the second § 924(c) count, the District Court determined that Petitioner committed a second violation of § 924(c) and imposed a twenty-five year consecutive sentence for that second violation.[2] The Court of Appeals for the Fourth Circuit affirmed the convictions.[3] The United States District Court for the Western District of North Carolina dismissed with prejudice Petitioner's first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on December 17, 2007, and the Court of Appeals for the Fourth Circuit denied Petitioner's request for a certificate of appealability.

In the instant petition, Petitioner cites Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), to argue that his 120 month sentence for the first § 924(c) conviction should be vacated because a jury did not determine beyond a reasonable doubt that he discharged the firearm, which is a fact that led to an increase in the mandatory minimum found at 18 U.S.C. § 924(c)(1)(A)(iii). Petitioner further argues that, because the first § 924(c) conviction should be vacated, the 300 month sentence for the "second or subsequent" § 924(c) conviction should be vacated, too.

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial,

---

[2] See id. § 924(c)(1)(C)(i) ("In the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years[.]").

[3] Furthermore, in March 2010, the court dismissed Petitioner's first § 2241 petition, finding that § 2241 was not the appropriate vehicle for Petitioner to attack his criminal judgment and that the court did not have jurisdiction to consider a successive § 2255 motion. Jones v. O'Brien, No. 7:10-cv-00093, slip op. at 3-4 (W.D. Va. March 15, 2010) (Turk, J.).

115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his convictions via § 2241. Petitioner fails to establish how a change in substantive law made it legal to possess a firearm during and in relation to a crime of violence, which are the convictions for the sentences presently challenged. Furthermore, "Fourth Circuit precedent has . . . not extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34). The fact that a new § 2255 motion would be time barred or considered successive does not make § 2255 review "inadequate" or "ineffective." Moreover, even if Petitioner could satisfy the gate-keeping provisions of In re Jones, Petitioner would unlikely be afforded relief many years after his conviction became final because Alleyne has not been held to apply retroactively to cases on collateral review. See, e.g., United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) ("We note that Alleyne has not been made retroactively applicable to cases on collateral review."). Accordingly, Petitioner fails to meet the

Case 7:14-cv-00281-MFU-RSB   Document 11   Filed 06/05/15   Page 3 of 4   Pageid#: 66

In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his convictions, his claims cannot be addressed under § 2241, and the petition must be dismissed.[4]

### III.

In conclusion, the court grants the United States' motion to dismiss and dismisses the § 2241 petition because Petitioner fails to demonstrate an entitlement to relief.

Entered: June 5, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[4] The court declines to construe Petitioner's § 2241 petition as a § 2255 motion. First, a § 2255 motion must be filed with the court that imposed the sentence. 28 U.S.C. § 2255(a). Second, Petitioner already filed a § 2255 motion to challenge his convictions. Consequently, Petitioner must receive pre-filing authorization from the Court of Appeals for the Fourth Circuit to file a successive § 2255 motion in the District Court. 28 U.S.C. § 2255(h). Because Petitioner has not demonstrated receiving that authorization, the court does not have jurisdiction to consider the merits of the claims under § 2255. Transferring a clearly successive § 2255 motion to the District Court does not further the interests of justice or judicial economy.